IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14–CR-40090-SMY |
| | ) |
| | ) |
| WALTER WAYNE MOSER, | ) |
| | ) |
| Defendant. | ) |

## PRELIMINARY ORDER FOR FORFEITURE

**YANDLE, District Judge:**

In the Indictment filed in this case on November 18, 2014 (Doc. 1), the United States sought forfeiture, pursuant to 18 U.S.C. § 853(a), of property possessed by Defendant Walter Wayne Moser. The Court finds, upon consideration of guilty plea in this matter, that the following property is forfeitable and orders forfeited the following property:

1. **$9,000.00 in United States currency seized from the residence of Jason Furlong;**

2. **$4,000.00 in United States currency seized from Morna Furlong and Ashley McKeown; and**

3. **$2,520.00 in United States currency seized from Ashley McKeown at the Franklin County (Illinois) Jail.**

Under the authority of 21 U.S.C. § 853(n)(1), the United States shall provide notice of the forfeiture and the right of persons other than Defendant who have any claim or legal interest in any of the property to file a petition with the Court. The notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty

of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as a substitute for the published notice to those persons.

Upon the filing of a petition alleging the third-party interests in the property, the Court may amend this Order to resolve the claimed third-party interests.

The United States Marshal or the property custodian for the Drug Enforcement Administration shall seize and reduce to his possession, if he has not already done so, the property described above.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Walter Wayne Moser at the time of Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Walter Wayne Moser and shall be included in the Judgment imposed against him. This Order is a final order with respect to the Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the forfeited property. The United States may abandon forfeiture of the property by filing notice of the abandonment with the Court.

**IT IS SO ORDERED.**

**DATED:  December 16, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
